' 50   641<br>,113   53-

[No. 4683.]

HENRY M. NAGLEE *v.* E. F. PALMER AND THE CITY AND COUNTY OF SAN FRANCISCO.

ALCALDE GRANT IN SAN FRANCISCO.—An alcalde's grant of pueblo land in San Francisco made after the acquisition of California by the United States, was inoperative and void if the granted land was within the tract reserved by the President of the United States for public purposes.

CONFIRMATION OF PUEBLO LANDS TO SAN FRANCISCO.—The decree of the Circuit Court of the United States confirming to the city of San Francisco four square leagues of pueblo lands, did not confirm to said city land which by executive proceedings had been reserved for public uses by the United States.

PUEBLO LANDS OF SAN FRANCISCO.—The act of Congress of July 1, 1870, relinquishing the interest of the United States in certain lands to the city and county of San Francisco, did not impart validity to alcaldes' grants. The only persons who were beneficiaries under said act were those who were in possession of land at the date of the passage of the act, or had been deprived of the possession thereof by the military authorities of the United States.

VOL. L.—41

IDEM.—One who was not a beneficiary under the said act cannot question the right of the city to convey land, under the provisions of the act, to another.

· APPEAL from the District Court, Fourth Judicial District, · City and County of San Francisco.

John W. Geary, who was alcalde of San Francisco prior to August, 1850, granted to one Tiffany, fifty-vara lots, 1340, 1341, and 1342, in block No. 289, lying between Hyde and Larkin and Beach and North Point streets, in said city. Tiffany, on the 16th day of August, 1850, conveyed the lots to the plaintiff. The lots were included within the pueblo of San Francisco, and were also within the tract reserved by the President of the United States as the "Point San Jose Military Reservation," by executive proceedings, commenced November 7, 1850, and terminating December 31, 1851. The city petitioned the United States for the confirmation of its claim to the pueblo lands, and the case having been appealed, the Circuit Court of the United States, in May, 1865, confirmed the claim of the city to four square leagues of pueblo lands, including the land in controversy in this action, subject, among others, to the deduction of such lands as had, before such confirmation, been reserved to public uses by the United States.

Congress passed an act, approved July 1, 1870, a part of the first section of which reads as follows: "Be it enacted by the Senate and House of Representatives of the United States of America, in Congress assembled, that all the right and title of the United States to the military reservation in the city and county of San Francisco, State of California, known as the Point San Jose Military Reservation, be, and the same are hereby relinquished and granted to the said city and county, and its successors, for the uses and purposes as follows: First. To maintain all streets and alleys as now laid out upon the official map of the city of San Francisco. Second. And then in trust to grant and convey the remainder of said lands to the parties severally who are, at the date of the passage of this act, in the actual *bona fide* possession thereof

by themselves or their tenants, or in such parcels as the same are so held and possessed by them; or who, if they have not such possession, were deprived thereof by the United States military authorities when they went into the occupancy of said military reservation; or were deprived thereof by intruders or trespassers, against whom possession may be recovered by legal process."

Under said act, the defendant Palmer petitioned the city for a deed of said lots, and the plaintiff also made application. The defendant Palmer's application was granted. The plaintiff commenced this action to set aside the deed to Palmer, and to have the city declared his trustee, and to obtain a conveyance from the city. On the trial it was admitted that whoever was in possession was turned out by the military authorities. The action was commenced on the 14th of February, 1871. The court below found that the plaintiff had not been at any time in the *bona fide* possession of the premises in controversy. Judgment was rendered in favor of Palmer, and quieting his title.

The plaintiff appealed.

*W. H. Patterson*, for the Appellant.

*John W. Dwinelle*, for the Respondents.

By the COURT:

1. The alcalde grant to Tiffany was inoperative. The lands in controversy being a portion of those reserved to the United States for public purposes on the 18th day of May, 1865, did not pass to the city by the decree of the Circuit Court of the United States of that day, confirming to her four square leagues of pueblo lands.

2. The relinquishment of the title of the United States to the city, effected by the act of Congress of July 1, 1870, entitled "An Act to relinquish the interest of the United States in certain lands to the city and county of San Francisco," did not impart validity to the alcalde grant to Tiffany. The relinquishment effected by that act was upon certain designated trusts to be executed by the city. The

holders of alcalde grants, within the relinquished premises, were not among the *cestuis que trust* mentioned in the act.

3. The only ground upon which the appellant could claim to be a beneficiary under the act of July 1, 1870, already referred to, was that he was in the actual *bona fide* possession of the premises at the date of the passage of the act, or had been deprived of the possession thereof by the military authorities of the United States. But the court below found the fact to be that the plaintiff never had possession, and, of course, had never been deprived of possession by the military authorities of the United States, and the evidence, viewed in its most favorable aspect for the appellant, is substantially conflicting upon the question of fact involved. The finding of fact will therefore not be disturbed by us.

4. These views are decisive of the case, for the appellant not being himself a beneficiary under the act of Congress referred to, has no interest in questioning the title of the defendant Palmer, or the right of the latter to receive a conveyance from the city.

Judgment and order affirmed.